IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMARE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-cv-14308 |
| | ) | |
| v. | ) | Judge John J. Tharp, Jr. |
| | ) | |
| NATIONAL CREDIT UNION ADMINISTRATION; NEXT INSURANCE; BLINK BY CHUBB; BOLT ACCESS/SUPERIOR ACCESS; AMANDA OBANDO ARIAS; PAMELA YU; TRISHA J. MICKLEY; NCUA DIRECTORS; FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Defendant Next Insurance's motion seeking a decision [34] is granted. For the reasons set forth in the Statement below, summary judgment is granted to the United States, and the claims against all other defendants are dismissed with prejudice. The motions to dismiss filed by Blink by Chubb [9] and Next [20] are granted. The motion for summary judgment filed by the National Credit Union Administration, the United States, and the Federal Deposit Insurance Corporation [25] is granted, and the motion to dismiss filed by those defendants [13] is denied as moot. Final judgment shall be entered in favor of the defendants. Civil case terminated.

## STATEMENT

Amare Wilson, proceeding pro se, sued federal defendants and private insurers in state court for "cyber financial fraud." Notice of Removal 14, ECF No. 1 (capitalization altered). After removing the case, the federal defendants moved to dismiss and, in the alternative, for summary judgment. Two of the three private insurers—Next Insurance and Blink by Chubb—also moved to dismiss. For the reasons that follow, the Court (1) grants the motion for summary judgment, (2) grants the private insurers' motions to dismiss, (3) dismisses the claims against the private insurers and certain federal defendants with prejudice.

I.   Background

In June 2023, Wilson filed a state court complaint in the Circuit Court of the Nineteenth Judicial Circuit, Lake County. That complaint alleged three, and only three, facts. First, on August 29, 2022, the National Credit Union Administration (NCUA) gave Wilson "authorization

to represent himself as a Federal Credit Union." *Id.* at 13.[1] Second, on that same day, Wilson became the owner of Best Value Insurance Federal Credit Union. Third, "[t]o continue the process," Wilson was "told to give a bank account statement from Oxygen with the donations from Liberty Mutual." *Id.* The next sentence, which is a bit hard to follow, reads in full: "Money that was given in advance from XPO Logistics, YRC Freight, Amazon and PayPal indictment." *Id.*

Based on these facts, Wilson (1) claimed that he was a "victim of cyber financial fraud," and (2) sought damages, attorney's fees, and receipt of a charter from the NCUA. *Id.* at 14 (capitalization altered). Wilson's cyber fraud count references a police report,[2] but that report does not add much to the three facts above: It simply states that Wilson claimed $300,000 "was taken from his bank account" by the NCUA, but that Wilson "was unable to provide bank statements [showing] the money being taken out." Blink MTD Ex. A at 1, ECF No. 9-1 (capitalization altered).

Wilson's complaint named three private insurers: Next, Blink, and Bolt Access/Superior Access. It also named the NCUA, the Federal Deposit Insurance Corporation (FDIC), and at least three NCUA employees.[3] For clarity, the Court refers to the private insurers as the "insurers," and the agencies and employees as the "federal defendants."

Invoking two different statutory schemes, the federal defendants removed the complaint to this Court. First, on the assumption that Wilson's fraud claim sounded in tort, the federal defendants invoked the Westfall Act as a basis for removal. *See* 28 U.S.C. § 2679(d)(2) ("Upon certification by the Attorney General that [a] defendant [government] employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . at any time before trial . . . ."); *see* Notice of Removal 17 (certification by Attorney General's designee). Second, and in any event, the federal defendants removed pursuant to 28 U.S.C. § 1442(a)(1), which permits the removal of a case "against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States

---

[1] The NCUA "is an independent federal agency that insures deposits at federally insured credit unions, protects the members who own credit unions, and charters and regulates federal credit unions." *About NCUA*, Nat'l Credit Union Admin., https://ncua.gov/about (last updated Jan. 22, 2025).

[2] The Court can take notice of this report, and other matters of public record, without converting the defendants' motions to dismiss into motions for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[3] The phrase "at least three" is appropriate because the complaint's caption reads as follows: "Amanda Obando Arias, Pamela Yu, Trisha J. Mickley, NCUA Directors." Notice of Removal 13 (capitalization altered). It is unclear whether Wilson intended to indicate that Arias, Yu, and Mickley are themselves directors, or whether he sought "to bring claims against other unnamed . . . directors" of the NCUA. *Id.* at 2 ¶ 1 n.1 (cleaned up).

or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."[4]

Next and Blink moved to dismiss for failure to state a claim. The federal defendants moved to dismiss for lack of subject-matter jurisdiction,[5] and they later filed a separate motion for summary judgment.

The federal defendants' motions warrant additional explanation. The motion to dismiss assumes that Wilson's complaint is "best construed as a petition for judicial review of the NCUA Board's [final agency] decision" denying a federal credit-union charter to Best Value Insurance Federal Credit Union. Fed. MTD 2 ¶ 3, ECF No. 13. (Attached to the notice of removal is the NCUA Board's decision, which found denial of the charter justified. *See* Notice of Removal 19-29.) That motion notes, however, that Wilson's complaint "might also be construed as a tort claim," and it indicates that "the United States will move for summary judgment" if "Wilson responds . . . by asserting that he is, in fact, asserting a tort claim." Fed. MTD 2 ¶ 3 n.1. After Wilson failed to respond to the motion to dismiss, the federal defendants filed their motion for summary judgment, which construes Wilson's complaint as a claim under the Federal Tort Claims Act (FTCA).

In lieu of responding to any of the defendants' motions, Wilson filed two one-page letters on the docket. The first, which contains a discussion of agency law, reads in relevant part as follows:

> In March money went missing from my PFT account. In April I contacted the FBI to conduct an investigation. [I]n August I filed a claim to get money put back into Amare Wilson['s] PFT account[.] [A]s an agent of Next Insurance I have apparent authority which is the power of an agent to act on behalf of a [principal.]

First Wilson Letter 1, ECF No. 12. The second indicates that Wilson is "undergoing prosecution in . . . Lake County" and is "seeking asylum in Canada." Second Wilson Letter 1, ECF No. 16. It

---

[4] Neither removal under § 1442(a)(1) nor removal under 28 U.S.C. § 2679(d)(2) requires the consent of the other defendants. *Ayotte v. Boeing Co.*, 316 F. Supp. 3d 1066, 1073 (N.D. Ill. 2018); *Amador v. City of New York*, No. 20-cv-00956, 2020 WL 7248458, at *3 (S.D.N.Y. Dec. 9, 2020). To the extent removal under § 1442(a)(1) was premature because the United States was not properly served at the time of removal, *but see, e.g., Grandinetti v. Uber Techs., Inc.*, 476 F. Supp. 3d 747, 752-53 (N.D. Ill. 2020), Wilson did not ask for remand on this ground, and any "defect in the removal process other than . . . lack of subject-matter jurisdiction" not raised within 30 days is forfeited, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998), *abrogated on other grounds by Kaiser v. Johnson & Johnson*, 947 F.3d 996 (7th Cir. 2020). Removal under the Westfall Act can occur "at any time before trial." 28 U.S.C. § 2679(d)(2).

[5] The FDIC, as part of the same motion, sought dismissal "for the additional reason that the complaint fails to state a claim for which relief can be granted against the agency." *See* Fed. MTD 1, ECF No. 13. As discussed in notes 6-7 below, the derivative-jurisdiction doctrine does not affect subject-matter jurisdiction, so it is odd that the federal defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1).

also requests virtual proceedings, or else the summoning of (1) "two other judges to have them comply with filing a motion to suppress DNA evidence and dismissing the case in Lake County," and (2) "Nationwide to pay for asylum." *Id.*

## II.  Discussion

As an initial matter, the Court finds that Wilson's complaint sounds in tort. While the federal defendants correctly note that "Wilson's complaint seeks a charter from [the] NCUA," Fed. MTD 2 ¶ 3 (quotation marks omitted), a demand for relief "is not itself a part of the plaintiff's claim," *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). It follows that Wilson's only claim (asserted against all defendants) is one for "cyber financial fraud." Notice of Removal 14 (capitalization altered). That is a tort claim, as opposed to one seeking "judicial review of . . . [a] decision" by the NCUA Board.[6] Fed. MTD 2 ¶ 3. So Wilson purports to assert a tort claim against each of (1) the federal defendants, and (2) the insurers.[7]

---

[6] The Court notes that, even if it construed Wilson's claim as one seeking judicial review of an administrative decision, the claim could not proceed. The derivative-jurisdiction doctrine, which "is not jurisdictional but creates a procedural defect in removal" if timely raised, applies to actions removed under § 1442(a)(1). *See Ricci v. Salzman*, 976 F.3d 768, 773-74 (7th Cir. 2020) (quotation marks omitted). Because the federal defendants timely raised the derivative-jurisdiction doctrine, and because a claim seeking review under the Administrative Procedure Act cannot proceed in state court (as required under the doctrine), a judicial-review reading of the complaint would "properly result[] in dismissal without prejudice." *Id.* at 773; *see, e.g.*, *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989) ("Congress has expressly limited Administrative Procedure Act review to the federal courts . . . ."). Although removal under § 2679(d)(2) would likely be improper in the absence of a tort claim, the Court agrees that the derivative-jurisdiction doctrine "also applies to removals under the Westfall Act." *Stein v. United States*, No. 21-cv-00544, 2021 WL 4895338, at *3 (S.D. Ill. Oct. 20, 2021); *see* 28 U.S.C. § 1441(f) (abrogating the derivative-jurisdiction doctrine only for claims "removed under this section"). To the extent Wilson's claim could be a judicial-review review claim as to the federal defendants and a tort claim as to the insurers, the Court would (1) dismiss the claim without prejudice as to the federal defendants, and (2) dismiss the claim as to the insurers in accordance with the discussion that follows.

[7] As explained below, Wilson's claims against the federal defendants arise under the FTCA, 28 U.S.C. § 1346(b)(1). The Court has jurisdiction over those claims under 28 U.S.C. § 1331, notwithstanding any "difficult questions posed by § 1442(a)(1) removal." *Thompson v. Army & Air Force Exch. Serv.*, 125 F.4th 831, 834 (7th Cir. 2025) (when claims arise under federal law, the need for a "colorable federal defense" after § 1442(a)(1) removal is satisfied because there is no Article III concern); *see Rodas v. Seidlin*, 656 F.3d 610, 622 (7th Cir. 2011) (derivative jurisdiction is independent of a federal court's subject-matter jurisdiction). To the extent the federal defendants argue that Wilson's tort claims should be dismissed under the derivative-jurisdiction doctrine, Notice of Removal 3 ¶ 7, Wilson's state case was not governed by the FTCA (and thus subject to exclusive federal jurisdiction) until the Attorney General certified that the NCUA employees were acting "within the scope of [their] office or employment at the time of the incident," 28 U.S.C. §§ 1346(b)(1), 2679(d)(2); *see Stein*, 2021 WL 4895338, at *3. That

### A. Federal Defendants

When a party seeks to sue the federal government for a tort claim, the "exclusive" remedy is the FTCA. 28 U.S.C. § 2679(b)(1); *see id.* § 1346(b)(1). Wilson's claims against the federal defendants are thus FTCA claims—or at least purported ones. And Wilson brings those claims against the NCUA, the FDIC, and at least three NCUA employees. *See supra* note 3 and accompanying text.

More accurately, Wilson brings those claims against the NCUA, the FDIC, potential unnamed NCUA employees, and the United States. When the Attorney General certified (through a designee) that the three named NCUA defendants were "acting within the scope of [their] office or employment at the time of the incident out of which the claim arose," the United States was "substituted [for those employees] as the party defendant." 28 U.S.C. § 2679(d)(2); *see* Notice of Removal 17.

In fact, however, Wilson brings (and can bring) those claims against only the United States. Because the United States is the "only proper defendant in an FTCA action," *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008), Wilson's claims against the NCUA, the FDIC, and any unnamed NCUA employees are improper and must be dismissed. The Court dismisses those claims with prejudice.

So Wilson is asserting a single FTCA claim—or at least a purported one—against the United States. Can that claim proceed? The federal defendants argue that it cannot, requesting summary judgment in favor of the United States because (1) the claim is not actionable, and (2) Wilson failed to exhaust his administrative remedies. The Court agrees on both counts.[8]

As to the first: While the FTCA "waives sovereign immunity for certain torts, it does not allow actions against the United States for claims arising out of misrepresentation, deceit, or interference with contract rights." *Cannon v. Forest Pres. Dist.*, No. 14-cv-05611, 2015 WL 921037, at *2 (N.D. Ill. Feb. 26, 2015) (cleaned up); *see* 28 U.S.C. § 2680(h). Fraud is one such claim, and Wilson's claim for cyber financial fraud (which is, in the Court's reading, a type of fraud) is not actionable under the FTCA. *Id.*; *see also, e.g.*, *Dernis v. United States*, No. 21-cv-03157, 2023 WL 4564591, at *10-11 (N.D. Ill. July 17, 2023). For that reason alone, and

---

certification occurred at the time of removal, so "the state court had subject matter jurisdiction over the lawsuit," at least as against the NCUA employees, until the federal defendants "removed the case and filed a scope of employment certificate." *Stein*, 2021 WL 4895338, at *4 (quotation marks omitted). The Court has jurisdiction over Wilson's tort claims against the insurers under at least 28 U.S.C. § 1367(a). *Cf.* Blink Jurisdictional Statement 1-2, ECF No. 8 (noting there may also be diversity jurisdiction).

[8] Because the federal defendants' motion for summary judgment is unopposed, the Court "deem[s] admitted each material fact set out in" the Local Rule 56.1 statement accompanying the motion. *See Etheridge v. Hudson Grp. Retail, LLC*, No. 20-cv-07204, 2022 WL 15456490, at *5 (N.D. Ill. Oct. 27, 2022). "There is no summary judgment by default," however, and the Court must still examine the full record to determine whether the United States "is entitled to judgment as a matter of law based on the undisputed material facts." *Id.*

independent of the facts in this matter, United States is "entitled to judgment as a matter of law" on Wilson's claim. Fed. R. Civ. P. 56(a).

As to the second: Even if Wilson's claim were actionable, the United States would still be "entitled to judgment as a matter of law" because Wilson failed to exhaust his administrative remedies. *Id.* Under the FTCA, an action "shall not be instituted upon a [tort] claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *see also, e.g.*, *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."). Put differently, the FTCA contains an administrative exhaustion requirement. And that requirement is a firm one: An FTCA claimant who does not first pursue an administrative remedy cannot prevail. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014). Here, it is undisputed that Wilson did not file an administrative tort claim with either the NCUA or the FDIC as required. Fed. Rule 56.1 Statement 1-2 ¶¶ 2-8, ECF No. 27. Because Wilson did not "exhaust [his claim] before filing suit," the Court "must dismiss the case," and the United States is entitled to summary judgment on this alternative ground. *Thompson v. United States*, No. 24-1495, 2024 WL 4973309, at *2 (7th Cir. Dec. 4, 2024).

In sum, because Wilson can only bring FTCA claims (or purported FTCA claims) against the United States, his claims against the other federal defendants are dismissed with prejudice. And because Wilson cannot succeed on his claim against the United States, summary judgment is granted to the United States on Wilson's claim.

### B. Next and Blink

Nothing like the FTCA bars Wilson's claims against the insurers. Nonetheless, two insurers—Next and Blink—argue that Wilson's claims against them should be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The Court once again agrees.

Wilson's complaint fails to meet the pleading threshold set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), let alone the heightened pleading standard for fraud established under Fed. R. Civ. P. 9(b).[9] As the Supreme Court wrote in *Iqbal*, "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. But that is all Wilson's complaint contains: It consists of three bare-bones background facts, followed by an "unadorned" allegation of cyber financial fraud.[10] *See id.* Wilson's complaint lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and it puts neither Blink nor Next on notice of "the [specific] wrongdoing of which they are accused." *Id.* (quotation marks omitted);

---

[9] Under Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see, e.g.*, *United States ex rel. Sibley v. Univ. of Chi. Med. Ctr.*, 44 F.4th 646, 656 (7th Cir. 2022) ("Under Rule 9(b), . . . generalized allegations of fraudulent practices are insufficient." (quotation marks omitted)).

[10] The police report, discussed in section I above, adds little to the substance of the three facts presented.

*Pintaro v. Granada*, No. 23-cv-02008, 2025 WL 580862, at *2 (N.D. Ill. Feb. 21, 2025). To the extent Wilson has any arguments to the contrary, he has forfeited them by failing to substantively respond to either insurer's motion to dismiss. *See, e.g.*, *Boogaard v. Nat'l Hockey League*, 891 F.3d 289, 290 (7th Cir. 2018) (by "failing to respond to [an] argument that [a] complaint fails to state a claim," a plaintiff "forfeit[s] any argument that it does").

The motions to dismiss filed by Next and Blink are therefore granted, and the only remaining question is whether Wilson's claims against those defendants should be dismissed with or without prejudice. The Court finds the former more appropriate than the latter. While it is generally appropriate to give a plaintiff at least one chance to amend, this case is the rare one in which "any amendment would be futile or otherwise unwarranted." *Pintaro*, 2025 WL 580862, at *3 (quotation marks omitted). The Court does not see how an amended complaint could allege, with particularity, that Next or Blink committed cyber financial fraud; as reinforced by the police report referenced in the complaint, Wilson's claim seems to be that the NCUA fraudulently took money from his bank account. (According to the police report, it is worth noting, Wilson could not demonstrate that any money was actually taken.) And even if an amended complaint could so allege, Wilson has effectively "forfeited [his] right to continue litigating [his] claim" by "failing to respond . . . to the motion[s] to dismiss." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999). It would make little sense to allow for amendment as to Next and Blink when Wilson has, by his own inaction, demonstrated that he no longer cares to pursue this lawsuit. Wilson's claims against Next and Blink are dismissed with prejudice.

### C. Bolt

To recap, the Court has (1) dismissed the claims against the NCUA, the FDIC, any unnamed NCUA employees, Next, and Blink with prejudice, and (2) granted summary judgment to the United States. That leaves just one unaccounted-for defendant: Bolt Access/Superior Access. Bolt has not appeared in this case, but neither has Wilson effected service as to Bolt (to the extent necessary) or moved for entry of default against the company. *See* 28 U.S.C. § 1448. Put differently, despite Wilson's awareness of this case and its post-removal activity (as evidenced by his docket filings in October 2023), he has failed to prosecute his tort claim as to Bolt.

The Court "possess[es] the inherent authority to dismiss a [claim] *sua sponte* for want of prosecution," and although such a dismissal is "undeniably harsh," the Court finds it warranted here. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995). As noted above, Wilson has effectively forfeited his right to continue litigating his case: His claim is frivolous, his docketed letters are non sequiturs at best, and he has failed to respond in earnest to any motion filed after removal. Given this abandonment, an order dismissing Wilson's claim against Bolt for failure to prosecute should not "reasonably come as a surprise." *Id.* at 1027; *see id.* at 1026 (while dismissal without a warning is extreme, it is appropriate "where it is clear that [a party] must have expected his . . . inaction . . . to be answered with dismissal" (emphasis omitted)). Wilson's claim against Bolt is dismissed with prejudice for failure to prosecute.

### III. Conclusion

For the foregoing reasons, (1) the federal defendants' motion for summary judgment is granted, (2) the federal defendants' motion to dismiss is denied as moot, and (2) the motions to dismiss filed by Next and Blink are granted.

Wilson's claims against all federal defendants aside from the United States (which was substituted in for the named NCUA defendants) are dismissed with prejudice. Wilson's claims against Next, Blink, and Bolt are also dismissed with prejudice—the Bolt claim for failure to prosecute, and the Next and Blink claims under Fed. R. Civ. P 12(b)(6). Summary judgment is granted to the United States on Wilson's claim. Final judgment shall be entered against Wilson and in favor of the NCUA, Next, Blink, Bolt, the United States, NCUA Directors (to the extent any are present), and the FDIC.

Date: March 26, 2025

John J. Tharp, Jr.
United States District Judge